IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ADOLFO MARTINEZ                                                                                    PLAINTIFF

vs.                                           Civil No. 4:20-cv-04025

COMMISSIONER, SOCIAL                                                                           DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Adolfo Martinez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on August 19, 2016.  (Tr. 11, 79, 96). In these applications, Plaintiff alleges being disabled due to a brain tumor, seizures, and right femur deterioration.  (Tr. 79-80, 96-97).  Plaintiff alleges an onset date of April 25, 2016.  (Tr. 13, Finding

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 17.  These references are to the page number of the transcript itself not the ECF page number.

1

2).  These applications were denied initially and again upon reconsideration.  (Tr. 157-159, 160-163, 168-170, 171-173).

On September 12, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. 174-176).  After the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 11-21).  The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2021.  (Tr. 13, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 25, 2016, his alleged onset date.  (Tr. 13, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: seizure disorder secondary to benign brain tumor and post craniotomy; degenerative joint disease, right knee; pain disorder; and adjustment disorder with mixed anxiety and depression.  (Tr. 13, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1.  (Tr. 14, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 15-19, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level surfaces; should not work in proximity to unprotected heights and dangerous moving machinery; cannot operate a motor vehicle; can understand, remember and carry out short, simples instructions; can perform simple, routine tasks with no fast-paced high quota production work; can make only simple work related decisions; can adapt to few if any workplace changes, and tolerate only occasional interaction with co-workers, supervisors, and the general public.

(Tr. 15, Finding 5).

The ALJ found Plaintiff was forty-six (46) years old which is defined as a younger individual under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008). (Tr. 19, Finding 7). The ALJ determined Plaintiff had a marginal education and was able to communicate in English. (Tr. 19, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any PRW. (Tr. 19, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19, Finding 10). Plaintiff and the Vocational Expert ("VE") testified at the administrative hearing regarding this issue. (Tr. 29-76). Based upon the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as housekeeper, with 134,381 jobs nationally, laundry worker, with 2,416 jobs nationally, and silver wrapper, with 107,977 jobs nationally. (Tr. 19-20, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 25, 2016, or through March 27, 2019, the date of his decision. (Tr. 20-21, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. (Tr. 228). On February 26, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-5). On March 24, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 24, 2020. ECF No. 5. Both Parties have filed their appeal briefs and this matter is now ripe for consideration. ECF Nos. 19, 24.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred in assessing Plaintiff's credibility and evaluating his subjective complaints; (B) the ALJ erred in giving the opinion of Plaintiff's treating physician little weight; and (C) the ALJ erred in assessing Plaintiff's RFC. ECF No. 19. After thoroughly reviewing the record, the Court finds the ALJ's RFC determination is not supported by substantial evidence. Because this failure already necessitates reversal and remand, it is not necessary to address Plaintiff's remaining arguments.

A RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ should determine a

claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect [his] RFC." *Id*.

Plaintiff had a mental diagnostic evaluation with consultative examiner, Samuel Hester, Ph.D., on February 17, 2016. (Tr. 362-369). Dr. Hester opined "[T]he claimant may not be able to complete work tasks within an acceptable timeframe." (Tr. 368). In making his RFC determination, the ALJ gave limited weight to Dr. Hester, as his opinion "lacks substantial detail and offers an equivocal response..." (Tr. 19). The ALJ also assigned little weight to Plaintiff's treating physician, Dr. Randy D. Walker, and his seizure questionnaire. (Tr. 18). Specifically, the ALJ discounted Dr. Walker's opinion because the questionnaire did not address Plaintiff's sub-therapeutic Dilantin levels and did not explain why Plaintiff could not do prolonged standing and walking. *Id*. The ALJ also considered another form from Dr. Walker but gave it no weight because it was unsigned. *Id*.

However, regarding Plaintiff's physical impairments, the ALJ gave great weight to the state agency medical consultants. (Tr. 18). The ALJ concluded Dr. Thomas and Dr. Sauer's opinions were consistent with the record, well supported, and were consistent with the reasonable seizure

precautions recommended by one of Plaintiff's treating sources, Nurse Olivia Cox. (Tr. 18, 88-90, 105-107, 127-129, 148-150). In May 2018, Nurse Cox instructed Plaintiff to continue seizure precautions. (Tr. 773, 790). Nurse Cox's treatment notes stated, "No driving until seizure free for 1 year, no working around unprotected heights, [and] no operating heavy or sharp machinery." *Id*.

At the initial level, Dr. Thomas determined Plaintiff had postural limitations, environmental limitations, and no exertional limitations. (Tr. 88-89, 105-106). At the reconsideration level, Dr. Sauer concluded Plaintiff had exertional limitations and environmental limitations but did not have any postural limitations. (Tr. 127-128, 148-149). Dr. Sauer opined Plaintiff could stand and/or walk six hours in an eight-hour workday and sit for six hours in an eight-hour workday. (Tr. 128, 149). The ALJ also gave great weight to the assessments offered by state agency psychological consultants, Dr. Janssen and Dr. Cherry. (Tr. 18, 86-87, 90-92, 103-104, 107-109, 125-126, 130-132, 146-147, 151-153). Dr. Janssen and Dr. Cherry found Plaintiff had sustained concentration and persistence limitations, social interaction limitations, and adaptation limitations. (Tr. 90-91, 107-109, 130-131, 151-152).

The ALJ's RFC determination must be supported by medical evidence that addresses Plaintiff's ability to function in the workplace. "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)). The Court finds the ALJ's RFC determination is not supported by substantial evidence and requires remand to further develop the record and further consider Plaintiff's maximum RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete an RFC assessment

regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a neurological consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's conditions(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgement incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE